[Cite as *In re T.A.-N.*, 2026-Ohio-2620.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the matter of: | : | |
| T. A.-N., | : | No. 25AP-733 |
| | : | (C.P.C. No. 23JU-3143) |
| (Canal Winchester Local School District Board of Education, | : | (REGULAR CALENDAR) |
| Appellant). | : | |

D E C I S I O N

Rendered on July 9, 2026

**On brief:** *Bricker Graydon LLP*, and *Jason R. Stuckey*, for appellant. **Argued:** *Jason R. Stuckey*.

APPEAL from the Franklin County Court of Common Pleas
Division of Domestic Relations, Juvenile Branch

BEATTY BLUNT, J.

{¶ 1} Non-party appellant, Canal Winchester Local School District Board of Education (the "Board") appeals from the August 11, 2025 decision and judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch denying both the Board's objection to the June 3, 2025 magistrate's decision and entry and the Board's motion for relief from judgment filed on June 16, 2025. For the reasons that follow, we dismiss this appeal for lack of jurisdiction

## I. Facts and Procedural History

{¶ 2} This case was filed on March 19, 2024 in the juvenile branch of the division of domestic relations in the Franklin County Court of Common Pleas. On July 24, 2025, a magistrate order was filed that ordered the Board to bear the cost of tuition of the child at issue in this case. On July 25, 2024, the School District Liability for Cost of Education Determination was filed. This document specifically states that "[a]ny modification or redetermination regarding which district is to bear the cost of tuition is subject to re-

determination by the Ohio Department of Education pursuant to R.C. 2151.362(A)(2)." (July 25, 2024 School District Liability for Cost of Edn. Determination.)

{¶ 3} On October 25, 2024, the case was dismissed in its entirety at the request of the complainant, and the dismissal was reflected in the magistrate's decision and entry issued that same day.

{¶ 4} On January 24, 2025, appellant filed a motion to intervene and a motion for reconsideration of the determination that the Board was to bear the cost of tuition of the child at issue in this case.

{¶ 5} On June 3, 2025, the magistrate issued a decision and entry dismissing the Board's motions, citing lack of jurisdiction as the case had already been dismissed at the time the Board's motions were filed.

{¶ 6} On June 16, 2025, the Board filed an objection to the June 3, 2025 magistrate decision and entry dismissing the Board's previously filed motions and further filed a motion for relief from judgment pursuant to Civ.R. 60(B).

{¶ 7} On August 11, 2025, the trial court issued its decision and judgment entry denying both the Board's objection to the June 3, 2025 magistrate's decision and entry and the Board's motion for relief from judgment filed pursuant to Civ.R. 60(B).

{¶ 8} September 11, 2025, the Board filed a notice of appeal, which is now before the court.

## II. Assignments of Error

{¶ 9} The Board asserts the following two assignments of error for our review:

[1.] The Court of Common Pleas erred by denying the Appellant's motion for relief from judgment.

[2.] The Court of Common Pleas erred by denying the Appellant's motion to intervene.

## III. Discussion

{¶ 10} Generally, "when a trial court unconditionally dismisses a case or a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed[.]" *State ex rel. Walton v. Williams*, 2016-Ohio-1054, ¶ 16, citing *State ex rel. Hummel v. Sadler*, 2002-Ohio-3605, ¶ 22, citing *Page v. Riley*, 1999-Ohio-290. Indeed, in such a case a writ of prohibition will issue to prevent

the exercise of jurisdiction.  *Id*. at 472, citing same.  Furthermore, if a court patently and unambiguously lacks jurisdiction, the availability of an adequate remedy is immaterial. *Id*. at 471, citing *State ex rel. Shumaker v. Nichols*, 2013-Ohio-4732, ¶ 9.

{¶ 11} It is true that "[u]nder R.C. 3111.16, a juvenile court has continuing jurisdiction over all judgments or orders issued under R.C. 3111.01 to 3111.18[.]"  *Id*. at ¶ 17, citing *Cuyahoga Support Enforcement Agency v. Guthrie*, 1999-Ohio-362. However, in the case before us, there was no judgment or final order because the complainant requested that the trial court dismiss the case before any final action had been taken by the court.  Therefore, the trial court has no order that would allow its continuing jurisdiction over this case were this matter to be remanded to the trial court for further proceedings. Because the trial court patently and unambiguously lacks jurisdiction over the matter, the Board's appeal to this court is moot.

{¶ 12}  It is well-settled that as a general matter, courts will not resolve moot issues. *In re L.W*., 2006-Ohio-644, ¶ 11 (10th Dist.).  " 'The doctrine of mootness is rooted in the "case" or "controversy" language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint.' "  *Bradley v. Ohio Dept. of Job & Family Servs*., 2011-Ohio-1388, ¶ 11 (10th Dist.), quoting *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist. 1991).  " 'Actions or opinions are described as "moot" when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations.' "  *Grove City v. Clark*, 2002-Ohio-4549, ¶ 11 (10th Dist.), quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (11th Dist. 1948). *Accord State ex rel. Cincinnati Enquirer v. Hunter*, 2014-Ohio-5457, ¶ 4, citing *L.W.* at ¶ 11. "It is well-established law in Ohio that a court does not have jurisdiction over a moot question."  *Croce v. Ohio State Univ*., 2021-Ohio-2242, ¶ 16 (10th Dist.), citing *Bradley* at ¶ 11. *Accord James A. Keller* at 791 (stating that "a court cannot entertain jurisdiction over a moot question"); *State ex rel. White v. Kilbane Koch*, 2002-Ohio-4848, ¶ 18 (noting the "well-settled precedent" that courts will "not indulge in advisory opinions").

{¶ 13}  Notwithstanding the general prohibition against deciding moot issues, there are three exceptions to the mootness doctrine which permit a court to address an otherwise moot case: (1) where the issue is capable of repetition, yet evades review; (2) where a

debatable constitutional question remains to be resolved; or (3) where the case involves a matter of great public or general interest. *L.W.* at ¶ 12; *Kilbane Koch* at ¶ 13, 16.

{¶ 14} The exception to mootness for issues that are capable of repetition but evade review "applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000), citing *Spencer v. Kemna*, 523 U.S. 1, 17-18 (1998). The first factor of the test for this exception concerns cases that are rendered moot by "temporal situations." *Ashtabula Cty. Joint Vocational School v. O'Brien*, 2006-Ohio-1794, ¶ 32 (11th Dist.). *Accord James A. Keller* at 792. For example, a trial court may rule "on the legality of an abortion, or a student's suspension from school, because, in the case of an abortion, the pregnancy will be over by the time of appellate review"; and, in the case of a student's suspension from high school, the student could graduate " 'before the case winds its way through the court system.' " *Ashtabula Cty. Joint Vocational School* at ¶ 32, quoting *In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12, 14 (1989). *See also State ex rel. Beacon Journal Publishing Co. v. Donaldson*, 63 Ohio St.3d 173, 175 (1992) ("Courtroom closure cases often evade review, since a closure order usually expires before an appellate court can consider it."). The second factor of the test for this exception requires "more than a theoretical possibility that the action will arise again," as "[t]here must exist a ' "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party.' " *James A. Keller* at 792, quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

{¶ 15} Under the second exception to the mootness doctrine, although a case may be moot as to the parties, a court will have jurisdiction to entertain an appeal where "there remains a debatable constitutional question [for the court] to resolve." *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28, 31 (1987). *See Smith v. Leis*, 2005-Ohio-5125, ¶ 15 (finding the appeal excepted from mootness because the case "present[ed] a properly debatable constitutional issue, i.e., whether Section 9, Article I of the Ohio Constitution, as amended, authorize[d] cash-only bail"); *CT Ohio Portsmouth, LLC v. Ohio Dept. of Medicaid*, 2020-Ohio-5091, ¶ 22 (10th Dist.) (finding the mootness exception for

"constitutional question[s]" applicable, as the trial court found the statute at issue "facially unconstitutional"); *In re A.G.*, 2014-Ohio-2597, ¶ 38.

{¶ 16} Finally, the third exception to the mootness doctrine is reserved for matters of great public or general interest and "is only used with caution and on rare occasions." *Croce*, 2021-Ohio-2242, at ¶ 20 (10th Dist.). Indeed, "[g]enerally, the invocation of this exception remains the province of the highest court in the state, rather than the intermediate appellate courts, whose decisions do not have binding effect over the entire state." *Rithy Properties, Inc. v. Cheeseman*, 2016-Ohio-1602, ¶ 24 (10th Dist.), citing *Althof v. Ohio State Bd. of Psychology*, 2007-Ohio-1010, ¶ 83 (10th Dist.).

{¶ 17} In this case, none of the three exceptions to the mootness doctrine applies. The issue at the heart of this case is whether the trial court correctly determined that the Board should be responsible for the tuition of the specific child at the center of this matter. This discrete issue is not capable of repetition, yet evades review. Nor is there any suggestion that the matter involves a debatable constitutional question remaining to be resolved. Finally, the case does not involve a matter of great public or general interest. Therefore, the mootness doctrine prevents this court from resolving the issues raised by the Board on appeal.

{¶ 18} Accordingly, based on the foregoing, we find the present appeal to be moot. Because the appeal is moot, we must dismiss the appeal for lack of jurisdiction. *See Croce* at ¶ 25 (dismissing the appeal for lack of jurisdiction because the case was moot)*; Hussain v. Sheppard*, 2015-Ohio-657, ¶ 10 (10th Dist.) (dismissing the appeal as moot sua sponte).[1]

## IV. Disposition

{¶ 19} Having found the present appeal to be moot, we dismiss the appeal, sua sponte, for lack of jurisdiction.

*Appeal dismissed.*

MENTEL and EDELSTEIN, JJ., concur.

————————

[1] We recognize this result is a seemingly harsh one. Nevertheless, without jurisdiction over the matter we are powerless to either review it or attempt to fashion any kind of remedy to rectify the circumstances.